# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICHARDSON, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THD AT-HOME SERVICES, INC., a Delaware Corporation; HOME DEPOT U.S.A., a Delaware Corporation, MEASURE COMP, LLC, a Michigan limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants. | **Case no.: 14-cv-273 LJO BAM**<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO FILE A SECOND AMENDED COMPLAINT**<br><br>**(Doc. 21)** |

## INTRODUCTION

On January 2, 2015, Plaintiffs, James Richardson, as an individual and on behalf of all others similarly situated ("Plaintiffs"), filed a Motion for Leave to File a Second Amended Complaint (Hereinafter, "SAC"). Defendant THD At-Home Services Inc. ("Defendants" or "AHS") filed an opposition opposing the motion in part. (Doc. 26). Plaintiff filed a Reply on January 21, 2015. (Doc. 26). The Court took the matter under submission without oral argument pursuant to Local Rule 230(g), and vacated the hearing set for January 30, 2015. Upon a review of the pleadings, Plaintiffs' motion is GRANTED.

1

**BACKGROUND**

Plaintiff filed this case on January 23, 2014, in the Fresno County Superior Court against Home Depot, U.S.A. ("Home Depot"), AHS, and MeasureComp LLC ("MeasureComp"), alleging various state law wage and hour violations. (Doc. 1). Defendants removed this action to this Court on February 27, 2014, based on the Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. §§ 1332(d), 1441(a), and 1446. *Id*. No party has contested this Court's jurisdiction.

On June 13, 2014, Plaintiff filed a First Amended Complaint ("FAC") removing Home Depot and MeasureComp as defendants. Currently, Plaintiffs seek to file the SAC to make the following amendments : (1) to rename MeasureComp, and Home Depot as named Defendants, (2) to add a derivative claim for a violation of Labor Code § 203, and (3) to add three subclass definitions. Defendant AHS agrees to all of the amendments, except it opposes adding Home Depot as a Defendant, arguing that this amendment is futile because Home Depot does not employ Plaintiff or any other putative class members.

**DISCUSSION**

Under Rule 15(a), a plaintiff may amend his complaint once "as a matter of course," and without leave of court, before a response has been filed. Fed.R.Civ.P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However, a party can only amend the pleading with the opposing party's written consent or the court's leave once a responsive pleading has been filed. Fed.R.Civ.P. 15(a)(2). Here, Defendants filed a responsive pleading to Plaintiffs' FAC and have not agreed to the amendment so leave of the court is required.

Fed. R. Civ. Proc. 15(a) provides that a court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the

2

rules require, be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th 2003) (citations omitted). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura County Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d at 1052 ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990). Additionally, "leave to amend will not be granted where an amendment would be futile." *Theme Promotions, Inc. v. News Am*. Mktg. FSI, 546 F. 3d 991, 1010 (9th Cir. 2008).

The Court has examined all of the factors listed above. There is no evidence that the filing of the complaint will cause undue delay, that the SAC was brought in bad faith, or that there will be prejudice to the Defendants as this case is in its early stages. The Court is also not persuaded that adding Home Depot at this stage of the proceedings would be futile.

Here, the SAC alleges not only that Defendant Home Depot is Plaintiffs' employer, but also that members of the putative class were subjected to the policies and procedures of all three entities. (Doc. Doc. 21-2, Exhibit A, ¶¶ 9, 19). Although Defendant has submitted evidence that Home Depot is not the employer, the Court will not consider this evidence at this stage of the proceedings when Plaintiffs have not had an opportunity to complete discovery on this issue to rebut these facts. Furthermore, under California law, the relevant inquiry in determining the existence of an employment relationship may be "whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." *S.G. Borello*

*& Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal.3d 341, 350 (1989). Plaintiff's allegations in the SAC – namely, that he is employed by Home Depot and that he and putative class members were subjected to its corporate policies regarding the payment of wages– permit the reasonable inference that Home Depot "ha[d] the right to control the manner and means" of the work of Plaintiff and the putative class.

Finally, the Court notes that all three of these parties were named in Plaintiffs' initial complaint, and that Plaintiffs agreed to file the FAC and remove two of those parties based on representations made by AHS that it had assumed all the liabilities of MeasureComp. Now, it appears that the extent of AHS' liability is disputed. Given that all of these parties were named in the initial complaint, and leave to amend is to be applied with extreme liberality, amendment is proper.

**CONCLUSION**

Accordingly, for the above reasons, IT IS HEREBY ORDERED:

1) Plaintiff's Motion to Amend the Complaint is GRANTED;

2) Plaintiff shall file the SAC on the docket as a separate entry within five days of this order;

3) The Clerk of the Court is direct to add the new parties named in the SAC to the docket;

4) Defendants' Answers are due 21 days after the filing of the SAC;

5) The scheduling order issued on January 20, 2015 (Doc. 25), will remain in effect. A status conference will be held on **April 2, 2015 at 8:30 a.m.** before the undersigned to discuss whether the scheduling order will need further modification given the added parties and claims alleged in the SAC. Seven (7) days prior to the status conference, the parties shall file a joint status report indicating whether the dates in the existing

4

scheduling order need to be modified.  If so, the parties shall include proposed dates for any requested modification.  The report shall also include any other issues the parties believe are significant given the recent amendment to the pleadings; and

6) The parties are strongly encouraged to work together and exchange the necessary discovery to enable Plaintiffs to identify the appropriate parties in this action.  Once the information is obtained, Plaintiffs shall file the necessary dismissal documents forthwith if it is determined that Home Depot or MeasureComp are not proper Defendants.

IT IS SO ORDERED.

Dated: **February 3, 2015**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE