KENNETH H. YOON (State Bar No. 198443)
STEPHANIE E. YASUDA (State Bar No. 265480)
**LAW OFFICES OF KENNETH H. YOON**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

Attorneys for Plaintiff James Richardson

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICHARDSON, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>THD AT-HOME SERVICES, INC., a Delaware corporation; HOME DEPOT U.S.A., INC., a Delaware corporation; MEASURECOMP, LLC, a Michigan limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 1:14-CV-00273-BAM<br><br>[Assigned to Hon. Barbara A. McAuliffe, Courtroom 8]<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff James Richardson ("Plaintiff" or "Class Representative"), having moved for entry of an order (a) preliminarily approving the settlement of the above-referenced action pursuant to the Settlement Agreement, (b) conditionally certifying a class for purposes of proceedings in connection with the final approval of the Settlement Agreement, (c) approving the form of notice of settlement and directing the manner of delivery thereof, (d) approving Kenneth H. Yoon and Stephanie E. Yasuda, Law Offices of Kenneth H. Yoon as Class Counsel.[1]

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair reasonable, and adequate and to have been the product of serious, informed, and extensive arm's-length negotiations among Plaintiff and Defendants THD At-Home Services, Inc. and MeasureComp, LLC ("Defendants") (collectively, the "Parties"). In making this preliminary finding, the Court considered the nature of the claims, the relative strength of Plaintiff's claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the class members, and the fact that the settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member. Accordingly, the Court preliminarily finds that the agreement was entered into in good faith.

2. The Court finds preliminarily, and for purposes of proceeding pursuant to Federal Rule of Civil Procedure 23, for settlement purposes only and on approval of the agreement only, that:

---

[1] On September 11, 2015, the parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 47, 48). For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305. (Doc. 49).

a. The class is sufficiently numerous because the proposed settlement class includes approximately 143 persons;

b. Class members are ascertainable as the class sought to be represented is adequately defined and ascertainable from Defendants' records;

c. The proposed class asserts common claims arising out of the same alleged uniform policies and practices;

d. Plaintiff's claims are typical of those asserted by the class as the class representative alleges he suffered the same injury(ies), in the same manner, as the proposed class;

e. There is no evidence suggesting the class representative or class counsel have a conflict of interest with other class members, Plaintiff's counsel is qualified and competent and has substantial experience in wage and hour class actions, and Plaintiff's counsel and the named Plaintiff have and will continue to prosecute this action on behalf of the class.

3. Accordingly, for purposes of the agreement only, this litigation is CERTIFIED as a class action pursuant to Federal Rule of Civil Procedure 23. The class is defined as follows:

> plaintiff and any individuals employed by THD At-Home Services, Inc. and/or Measure Comp, LLC as measure techs in California between January 23, 2010 and July 16, 2015, excluding however, any individuals whose claims were fully released in connection with the class settlement in *Mejia v. MeasureComp, LLC*, Los Angeles Superior Court, No. BC 409729.

4. The Court hereby APPOINTS as class counsel for settlement purposes only Kenneth H. Yoon and Stephanie E. Yasuda, Law Offices of Kenneth H. Yoon.

5. The Court hereby APPOINTS as Class Representative for settlement purposes Plaintiff James Richardson.

6. The Court hereby APPROVES CPT Group, Inc. as settlement administrator for the purposes of this settlement.

7. A final approval and fairness hearing is hereby SCHEDULED to be held before the Court on March 4, 2016 at 9:00 am for the following purposes:

    a. to determine finally whether this litigation satisfies the applicable prerequisites for class action treatment for settlement purposes only;

    b. to determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

    c. to determine whether an order of final approval as should be entered, and to determine whether the releases should be released of and from the released claims as provided in the agreement;

    d. to determine whether the proposed plan of allocation of the gross settlement amount is fair and reasonable and should be approved by the Court;

    e. to finally consider Plaintiff's application for an Enhancement Payment;

    f. to finally determine whether class counsel's application for an award of attorney fees and costs is fair, reasonable, and adequate and should be approved by the Court;

    g. to determine that the settlement administrator's costs should be paid from the gross settlement amount;

    h. to consider the PAGA payment; and

    i. to rule upon such other matters as the Court may deem appropriate.

8. The form of class notice attached hereto as **Exhibit A** is hereby APPROVED. No later than thirty (30) calendar days after preliminary

approval, Defendants shall provide the settlement administrator with the name, last known mailing address, social security number, hire dates, and dates of termination, if applicable. No later than forty-five (45) calendar after the date of entry of this order, the settlement administrator will send via first class mail the documents constituting the notice to each settlement class member by first-class regular U.S. Mail.

9. The Court finds that the class notice, along with the related notification materials, constitute the best notice practicable under the circumstances and are in full compliance with the laws of the State of California, the United States Constitution, and the requirements of due process. The Court further finds that the notifications fully and accurately inform settlement class members of all material elements of the proposed settlement, of settlement class members' right to dispute their share of the settlement, of the settlement class members' right to be excluded from the settlement class, and of each settlement class member's right and opportunity to object to the Settlement.

10. The Court hereby APPROVES the proposed procedure whereby all class members who do not timely request exclusion from the settlement will be bound by the agreement. The Court hereby APPROVES the proposed response deadline of 45 calendar days from the initial mailing of the class notice.

11. The Court hereby APPROVES the proposed procedure for requesting exclusion from the settlement class, as set forth in the class notice.

12. All costs of mailing of the notice, whether foreseen or not, shall be paid from the gross settlement amount, including the cost of searching for Class Members' addresses as provided in as provided in the agreement. All other reasonable costs of the settlement administrator shall also be paid from the gross settlement amount as provided in the agreement.

13. All objections to the settlement must be filed by mailing them to the Clerk of the Court, who will file objections on the Court's electronic filing system and provide notice to all counsel of record. The deadline to object is 45 days after the mailing of the notice. If mailed, the objection must be postmarked on or prior to 45 days after the mailing of the notice. Objections must state their basis and if any objector intends to appear in person or by counsel at the final approval hearing, he or she must include such fact and state the purpose for his or her appearance in the objection. Objectors do not need to appear to have their objections considered. The parties will be permitted to respond in writing to all objections, which responses must be filed no later than seven (7) days prior to the final approval and fairness hearing. Settlement class members who fail to file timely written objections will be deemed to have waived any objections and will be foreclosed from making any objection to the settlement.

14. It is further ordered that pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the Settlement are stayed and all dates other than the final approval and fairness hearing are vacated.

15. Jurisdiction is hereby retained over this Action and the Parties to the action, and each of the class members for all matters relating to this Action, this settlement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of this settlement and this order.

IT IS SO ORDERED.

Dated: **September 18, 2015**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE